1  BLAKE J. RUSSUM (SBN 258031)
   ROPERS MAJESKI PC
2  1001 Marshall Street, 5th Floor
   Redwood City, CA  94063
3  Telephone:  650.364.8200
   Facsimile:  650.780.1701
4  Email:      blake.russum@ropers.com

5  Attorneys for Defendants
   LIBERTY INSURANCE CORPORATION;
6  LIBERTY MUTUAL INSURANCE
   COMPANY erroneously sued as LIBERTY
7  MUTUAL INSURANCE CORPORATION

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

   GLASSWERKS LA, INC.,              Case No.
12
                Plaintiff,           (Former Los Angeles County
13                                   Superior Court Case No.
        v.                           20STCV36643)
14
   LIBERTY INSURANCE                 **PETITION FOR REMOVAL OF**
15 CORPORATION; LIBERTY MUTUAL       **CIVIL ACTION TO DISTRICT**
   INSURANCE CORPORATION; DOES       **COURT UNDER 28 U.S.C.**
16 1-10,                             **SECTION 1441(b)**
                                     **[DIVERSITY JURISDICTION]**
17              Defendants.
                                     **[DEMAND FOR JURY TRIAL]**
18

19

20      **TO PLAINTIFF, ITS ATTORNEYS OF RECORD IN THIS ACTION,**

21 **AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

22      PLEASE TAKE NOTICE that Defendants LIBERTY INSURANCE

23 CORPORATION ("LIC") and LIBERTY MUTUAL INSURANCE COMPANY,

24 erroneously sued as LIBERTY MUTUAL INSURANCE CORPORATION

25 ("LMIC") (collectively, referred to herein, as "Defendants"), hereby remove to the

26 United States District Court for the Central District of California, the State Court

27 action described below:

28 ///

                                              PETITION FOR REMOVAL

A Professional Corporation
Redwood City

ROPERS
MAJESKI

1    1.    On September 24, 2020, Plaintiff, Glasswerks LA, Inc. ("Plaintiff"), a

2    California corporation, filed this action in the Superior Court for the State of

3    California, in and for the County of Los Angeles, Case No. 20STCV36643, entitled

4    *Glasswerks LA, Inc. v. Liberty Insurance Corporation; Liberty Mutual Insurance*

5    *Corporation; Does 1-10*.  A true and correct copy of the Summons and Complaint

6    is attached hereto as Exhibit "A."

7    2.    The Summons and Complaint were served upon Defendants through

8    their designated agent for service of process on October 14, 2020.  The documents

9    set forth in Exhibit "A" constitute all of the process, pleadings, and orders received

10   by Defendants.

11   3.    Plaintiff brings a lawsuit against Defendants, alleging causes of action

12   for breach of contract, breach of the implied covenant of good faith and fair

13   dealing, and declaratory relief. (Exhibit "A", Complaint.)

14   4.    A civil action brought in state court of which the federal court has

15   original jurisdiction may be removed to the district court for the district embracing

16   the place where such action is pending. (28 U.S.C. § 1441(a).)  Federal courts have

17   jurisdiction over controversies before "Citizens of different states," pursuant to 28

18   U.S.C. Section 1332 (a)(1) and Article III, Section 2, of the U.S. Constitution.

19   (*Navarro Sav. Ass'n. v. Lee*, 446 U.S. 458, 460-61 (1980).)  Diversity jurisdiction

20   exists when the amount in controversy exceeds $75,000, exclusive of interest and

21   costs, and the parties are citizens of different states. (28 U.S.C. § 1332(a).)

22   "Diversity jurisdiction, including the amount in controversy, is determined at the

23   instant of removal." (*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199

24   F. Supp. 2d 993, 1000 (C.D. Cal. 2002).)

25   5.    "This calculation takes into account claims for 'general' damages and

26   'special' damages (pain and suffering, as well as out-of-pocket loss)." (*Richmond v.*

27   *Allstate Ins. Co.*, 897 F. Supp. 447, 449-450 (S.D. Cal. 1995).)  The removing party

28   "need not predict the trier of fact's eventual award with one hundred percent

ROPERS MAJESKI

A Professional Corporation
Redwood City

accuracy." (*Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).)
Instead, in measuring the amount in controversy, the Court must "assum[e] that the
allegations of the complaint are true and assum[e] that a jury [will] return[] a
verdict for the plaintiff on all claims made in the complaint." (*Jackson v. American
Bankers Ins. Co. of Florida*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997); see,
*Kenneth Rothschild Trust*, *supra*,  199 F. Supp. 2d at 1001; see also, *Burns v.
Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (observing the amount in
controversy analysis presumes that "plaintiff prevails on liability.")

6.     The determination of citizenship for diversity purposes is governed by
federal rather than state law. (*Rockwell Int'l Credit Corp. v. Unites States Aircraft
Ins. Group*, 823 F.2d 302, 304 (9th Cir. 1987), overruled on other grounds,
*Partington v. Gedan*, 923 F.2d 686 (9th Cir. 1991).)  In determining whether
diversity of citizenship exists, only the named defendants are considered.
(*Newcombe v. Adolf Coors Co.*, 157 F3d 686, 690–691 (9th Cir. 1998).)  The
citizenship of defendants sued under fictitious names, such as "Doe" defendants, is
disregarded for diversity jurisdiction purposes. (28 U.S.C. § 1441(a); *Soliman v.
Philip Morris, Inc*. 311 F.3d 966, 971 (9th Cir. 2002).)  For diversity purposes, "a
corporation shall be deemed to be a citizen of every State […] by which it has been
incorporated and of the State […] where it has its principal place of business". (28
USC § 1332(c)(1).)

7.     "In determining whether removal is proper, a court may consider any
evidence so long as it reveals the situation that existed when the case was
removed." (*Corbelle v. Sanyo Elec. Trading Co., Ltd.*, 2003 U.S. Dist. LEXIS
20339 (N.D. Cal. Nov. 4, 2003).)  For that reason, the Court's inquiry into the
citizenship of the parties and the amount in controversy is not confined to the face
of the complaint. (*Valdez*, *supra*, 372 F.3d at 1117.)  In addition to the complaint,
the district court may properly consider "facts in the removal petition," as well as
"summary-judgment-type evidence relevant to the amount in controversy at the

time of removal." (*Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); see, *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).)

8.     The District Court has original jurisdiction over this civil action under 28 U.S.C. Section 1332.  The amount in controversy exceeds $75,000, exclusive of interests and costs, based upon the damages that Plaintiff alleges it is entitled to recover on the face of its Complaint.  In addition, complete diversity exists between the only parties in this action, Plaintiff and Defendants.

9.     In its Complaint, Plaintiff alleges that Defendants issued a commercial general liability insurance policy to Plaintiff ("the Policy"). (Complaint ¶ 6.) Plaintiff alleges that Giroux Glass, Inc. ("Giroux") asserted a liability claim against Plaintiff, arising out of its alleged supply of defective glass. (*Id.* ¶¶ 8-11.)  By way of this lawsuit, Plaintiff contends that it sustained damages in excess of $1,300,000 due to Defendants' failure to provide coverage for the Giroux liability claim under the Policy. (*Id.* ¶¶ 11-15.)  The Complaint seeks contract damages in excess of $1,300,000 in unpaid benefits allegedly owing under the Policy, general and special damages, attorneys' fees and costs, and punitive damages. (*Id.* ¶¶ 11, 15, 23, 31-33, Prayer for Relief.)  The substantive law of California applies to this diversity action. (*Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1163 (9th Cir. 1995).)

10.    It is clear from the face of the Complaint that Plaintiff alleges contract damages in excess of $1,300,000. (Complaint ¶¶ 11, 15, 23, 31, Prayer for Relief.) Accordingly, Plaintiff's claim for breach of contract alone (far) exceeds the $75,000 jurisdictional requirement.

11.    Furthermore, Plaintiff alleges a cause of action for breach of the implied covenant of good faith and fair dealing. (Complaint ¶¶ 25-33.)  Under California law, attorneys' fees that an insured incurs to obtain contract benefits are considered an element of recoverable compensatory damages should the insured prevail on its cause of action for breach of the implied covenant of good faith and

ROPERS MAJESKI

A Professional Corporation
Redwood City

faith dealing. (*Brandt v. Superior Court*, 37 Cal. 3d 813 (1985).)  A claim for attorney's fees is included in determining the amount in controversy, regardless of whether the fee award is mandatory or discretionary. (*Galt G/X v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (observing, "'When the applicable substantive law makes the award of an attorney's fee discretionary, a claim that this discretion should be exercised in favor of plaintiff makes the requested fee part of the amount in controversy'"); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000); *Conrad & Assoc. v. Hartford Accident and Indem. Co.*, 994 F.Supp. 1196, 1199 (N.D. Cal. 1998); see also, *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010 (N.D. Cal. 2002); *Walker v. Motricity Inc.*, 627 F. Supp. 2d 1137, 1143 (N.D. Cal. 2009).)  Therefore, the district court must consider Plaintiff's alleged attorneys' fees as an element of the amount in controversy in this case. (*Surber v. Reliance Nat'l Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000).)

12.    Additionally, as set forth above, Plaintiff seeks punitive damages and alleges that Defendants' conduct constitutes malice, oppression, or fraud. (Complaint ¶ 33.)  A claim for punitive damages is part of the amount in controversy, because such damages are potentially recoverable in cases involving a breach of the implied covenant of good faith and fair dealing. (*Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).)  Under California law, punitive damages are recoverable against an insurance company under circumstances where the plaintiff proves, by clear and convincing evidence, that, in addition to tortious "bad faith," the insurer was guilty of oppression, fraud, or malice. (Cal. Civ. Code §3294(a); *Richmond, supra*, 897 F. Supp. at 450; see, e.g., *Hangarter, supra*, 373 F.3d at 1014 (upholding award of punitive damages of $5,000,000 for punitive damages -- a 2.6:1 ratio of punitive damages to compensatory damages -- in a bad faith action arising from the termination of disability benefits).)

///

13. These circumstances compel the conclusion that it is "facially apparent" from the Complaint that Plaintiff's claims are in excess of the $75,000 federal jurisdictional threshold. (See, e.g., *White v. FCI USA, Inc.*, 319 F3d 672, 674 (5th Cir. 2003).)

14. Additionally, there is complete diversity of citizenship between the real parties in interest in this case, Plaintiff and Defendants, because:

a. The citizenship of the fictitious DOE defendants 1 through 10 are disregarded pursuant to 28 U.S.C. § 1441(b)(1). (28 USC §1441(a); *Soliman*, 311 F.3d at 971 (9th Cir 2002).) Named defendants have no obligation to disclose the identity of Doe defendants before discovery (*Newcombe*, *supra,* 157 F.3d at 690-691), or to negate the existence of a potential defendant whose presence would destroy diversity. (*Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005)). Therefore, inclusion of "Doe" defendants in the Complaint has no effect on removability. (*Newcombe*, *supra*, 157 F.3d at 690-691.)

b. LIC has been, and still is, a corporation organized under the laws of the State of Illinois. (Declaration of Michael Skeary, ¶ 3; Declaration of Blake Russum, ¶ 2.) LIC's principal place of business has been, and still is, in Boston, Massachusetts. (*Id*.)

c. LMIC has been, and still is, a corporation organized under the laws of the State of Massachusetts. (Declaration of Michael Skeary, ¶ 4; Declaration of Blake Russum, ¶ 3.) LMIC's principal place of business has been, and still is, in Boston, Massachusetts. (*Id*.)

d. Generally, a corporation may have dual citizenship: "(A) corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ." (28 USC § 1332(c)(1).) The phrase "principal place of business" means the place where a corporation's high-level officers direct, control, and coordinate its activities on a day-to-day basis. This is often referred to

ROPERS MAJESKI
A Professional Corporation
Redwood City

as the corporation's "nerve center." *Hertz Corp. v. Friend* (2010) 559 US 77, 80–81, 92-93 (rejecting all prior tests in favor of "nerve center" test).  Here, LIC is a citizen of Illinois and Massachusetts, whereas LMIC is a citizen of Massachusetts.

e.       By contrast, Plaintiff has been, and still is, a citizen of the State of California, having been incorporated under the laws of the State of California, and having its principal place of business in South Gate, California. (Complaint ¶ 3; Russum Declaration, ¶¶ 4-6, Exhibits 3-5.)  The Complaint alleges that Plaintiff is a corporation authorized to do business in California. (Complaint ¶ 3.)  Moreover, Plaintiff is registered with the California Secretary of State as a domestic stock corporation organized under the laws of the State of California, with its principal place of business in South Gate, California. (Russum Declaration, ¶¶ 4-6, Exhibits 3-5.)  Plaintiff's California Secretary of State, Statement of Information, filed on July 10, 2019, confirms that Plaintiff's principal place of business is 8600 Rheem Avenue, South Gate, California 90280. (*Id*., ¶ 5, Exhibit 4.)  Plaintiff's current Statement of Information, filed on July 9, 2020, confirms that there has been no change in its principal place of business. (*Id*., ¶ 6, Exh. 5.)  Indeed, on the Civil Case Cover Sheet Addendum and Statement of Location served upon Defendants, Plaintiff identifies its address as the same principal place of business listed on its Secretary of State filings: 8600 Rheem Avenue, South Gate, California 90280, which is the same address listed on the Policy, which serves as the basis for Plaintiff's lawsuit.

f.       Therefore, Plaintiff is a citizen of California, whereas, Defendants, collectively, are citizens of Massachusetts and Illinois.  As such, there is complete diversity of citizenship between the existing parties.

15.       Consequently, this action may be removed to this Court, pursuant to 28 U.S.C. §1441, Subdivision (b), because the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between Plaintiff and Defendants, under 28 U.S.C. §1332 (a)(1)(c)(1).

ROPERS
MAJESKI

A Professional Corporation
Redwood City

16.     Pursuant to 28 U.S.C. § 1446, subdivision (a), Defendants have attached "a copy of all process, pleadings, and orders served upon such defendant or defendants" in this action.

17.     A true and correct copy of this petition shall be contemporaneously filed in the office of the clerk for the Superior Court of Los Angeles County.

Dated:  November 13, 2020                    ROPERS MAJESKI PC


By: */s/ Blake J. Russum*
_____
BLAKE J. RUSSUM
Attorneys for Defendant
LIBERTY INSURANCE
CORPORATION; LIBERTY
MUTUAL INSURANCE
COMPANY erroneously sued as
LIBERTY MUTUAL INSURANCE
CORPORATION

## **DEMAND FOR JURY TRIAL**

Defendants LIBERTY INSURANCE CORPORATION ("LIC") and LIBERTY MUTUAL INSURANCE COMPANY, erroneously sued as LIBERTY MUTUAL INSURANCE CORPORATION, hereby demand a trial by jury, pursuant to Rule 38, subdivision (a), of the Federal Rules of Civil Procedure.

Dated:  November 13, 2020                    ROPERS MAJESKI PC


By: */s/ Blake J. Russum*
_____
BLAKE J. RUSSUM
Attorneys for Defendants
LIBERTY INSURANCE
CORPORATION; LIBERTY
MUTUAL INSURANCE
COMPANY erroneously sued as
LIBERTY MUTUAL INSURANCE
CORPORATION

4837-9852-0272.1

PETITION FOR REMOVAL

ROPERS
MAJESKI
A Professional Corporation
Redwood City

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 09/24/2020 04:23 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk
20STCV36643

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** LIBERTY INSURANCE CORPORATION;
***(AVISO AL DEMANDADO):*** LIBERTY MUTUAL INSURANCE
CORPORATION; DOES 1–10

**YOU ARE BEING SUED BY PLAINTIFF:** GLASSWERKS LA, INC.
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* |
| Superior Court of California, County of Los Angeles | 20STCV36643 |
| 111 North Hill Street | |
| Los Angeles, California  90012 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: ROBERT REES, ESQ
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
REES LAW FIRM PC
1925 Century Park East, Suite 2000, Los Angeles, CA 90067                           (310) 277-7071

| DATE: | | Clerk, by | Sherri R. Carter Executive Officer / Clerk of Court | , Deputy |
|---|---|---|---|---|
| *(Fecha)* 09/24/2020 | | *(Secretario)* | D. Williams | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* LIBERTY MUTUAL INSURANCE CORPORATION

under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)       ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | *www.courtinfo.ca.gov* |
| SUM-100 [Rev. July 1, 2009] | | Westlaw Doc & Form Builder® |

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | FILED<br>Superior Court of California<br>County of Los Angeles<br>09/24/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: D. Williams  Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCV36643 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Barbara A. Meiers | 12 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 09/25/2020
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By D. Williams , Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.



COPY

1   Robert A. Rees [State Bar No. 94295]
    REES LAW FIRM P.C.
2   1925 Century Park East, Suite 2000
    Los Angeles, CA 90067
3   Telephone: (310) 277-7071
    Fax: (310) 277-7067
4   E-mail: robertreeslaw@att.net

5   Attorneys for Plaintiff
    Glasswerks LA, Inc.

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

OCT 02 2020

Sherri R. Carter, Executive Officer/Clerk of Court
By: Julian Araujo, Deputy

6
7          SUPERIOR COURT FOR THE STATE OF CALIFORNIA
8               FOR THE COUNTY OF LOS ANGELES

9   GLASSWERKS LA, INC.                    NO.: 20STCV36643

10
11          Plaintiff,                     CASE FILED September 24, 2020
                                           (UNLIMITED CIVIL)
    vs.
12                                         PEREMPTORY CHALLENGE
    LIBERTY INSURANCE CORPORATION;         Code of Civil Procedure section 170.6
13  LIBERTY MUTUAL INSURANCE               Department: 12
    CORPORATION; DOES 1–10
14          Defendants.

15          I, Robert A. Rees, declare:

16          I am an attorney for plaintiff GLASSWERKS LA, INC. in this action. Judge Barbara

17  A. Meiers, before whom a hearing in this action is pending, is prejudiced against the attorney

18  for the party or the attorney's interest so that I believe these parties cannot have a fair and

19

20  impartial trial or hearing before the Judge.

21          I declare under penalty of perjury under the laws of the State of California that the

22  foregoing is true and correct.

23
24  DATED: October 2, 2020

25                                         REES LAW FIRM P.C.

                                           By:
26                                             Robert A. Rees
                                               Attorney for Plaintiff
27                                             Glasswerks LA, Inc.

28

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )   FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
_____ )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

4

2019-GEN-014-00

h)  Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i)  Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j)  Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7)  ELECTRONIC FILING SCHEDULE

a)  Filed Date

i)  Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii)  Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8)  EX PARTE APPLICATIONS

a)  Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

   a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

   b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

      i)   Any printed document required pursuant to a Standing or General Order;

      ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

      iii)   Pleadings and motions that include points and authorities;

      iv)   Demurrers;

      v)   Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

      vi)   Motions for Summary Judgment/Adjudication; and

      vii)   Motions to Compel Further Discovery.

   c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

   a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

   b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019

KEVIN C. BRAZILE
Presiding Judge

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| | STATE BAR NUMBER | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | | Reserved for Clerk's file Stamp |

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11          **STIPULATION – DISCOVERY RESOLUTION**
For Optional Use                                                                          Page 1 of 3

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.    No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.    If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.    If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.    If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.    The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.    Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.    Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ (ATTORNEY FOR _____)

➢ (ATTORNEY FOR _____)

➢ (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at _www.lacourt.org_ under "Civil" and then under "General Information").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                              (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at _www.lacourt.org_ under "Civil", click on "General Information", then click on "Voluntary Efficient Litigation Stipulations".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

_____          ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

 Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it **may** be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

    a.  **The Civil Mediation Vendor Resource List**
       If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

        • **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
        • **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6204
        • **Mediation Center of Los Angeles (MCLA)** Program Manager info@mediationLA.org (833) 476-9145
          o Only MCLA provides mediation in person, by phone and by videoconference.

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE: This program does not accept family law, probate, or small claims cases.

    b.  **Los Angeles County Dispute Resolution Programs**
       https://wdacs.lacounty.gov/programs/drp/
        • Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
          o Free, day- of- trial mediations at the courthouse. No appointment needed.
          o Free or low-cost mediations before the day of trial.
          o For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
            http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

    c.  **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit **http://www.lacourt.org/division/civil/CI0047.aspx**

**Los Angeles Superior Court ADR website:  http://www.lacourt.org/division/civil/CI0109.aspx**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

LASC CIV 271 Rev. 01/20
For Mandatory Use

Electronically FILED by Superior Court of California, County of Los Angeles on 09/24/2020 09:25 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| ROBERT A. REES, ESQ    SBN: 94295 | |
| REES LAW FIRM P.C. | |
| 1925 Century Park East, Suite 2000, Los Angeles, CA 90067 | |
| TELEPHONE NO.: (310) 277-7071    FAX NO.: (310) 277-7067 | |
| ATTORNEY FOR *(Name):* GLASSWERKS LA, INC. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: GLASSWERKS LA, INC. v. LIBERTY INSURANCE CORPORATION, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited | [ ] Counter   [ ] Joinder | |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | JUDGE: |
| | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [X] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):* 3
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 24, 2020

ROBERT A. REES, ESQ
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov Westlaw Doc & Form Builder |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or
  toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer
      or wrongful eviction*)
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex
    case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-
    domestic relations*)
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes*)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
    harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Civil Complaint
    (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: GLASSWERKS LA, INC. v. LIBERTY INSURANCE CORPORATION, et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

> ### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases — unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons –<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Auto Tort | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death — Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

| SHORT TITLE: GLASSWERKS LA, INC. v. LIBERTY INSURANCE CORPORATION, et al. | | CASE NUMBER |
| --- | --- | --- |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
| --- | --- | --- | --- |
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☒ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: GLASSWERKS LA, INC. v. LIBERTY INSURANCE CORPORATION, et al. | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: GLASSWERKS LA, INC. v. LIBERTY INSURANCE CORPORATION, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☐ 1. ☒ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: 8600 Rheem Avenue |
|---|---|

| CITY: South Gate | STATE: CA | ZIP CODE: 90280 |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the CENTRAL_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: September 24, 2020_____

_Robert A Rees_
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Electronically FILED by Superior Court of California, County of Los Angeles on 09/24/2020 04:23 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk
20STCV36643
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Barbara Meiers

Robert A. Rees [State Bar No. 94295]
REES LAW FIRM P.C.
1925 Century Park East, Suite 2000
Los Angeles, CA 90067
Telephone: (310) 277-7071
Fax: (310) 277-7067
E-mail: robertreeslaw@att.net

Attorneys for Plaintiff
Glasswerks LA, Inc.

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| GLASSWERKS LA, INC. | NO.: 20STCV36643 |
| Plaintiff, | COMPLAINT FOR DAMAGES: |
| vs. | 1. BREACH OF CONTRACT |
| LIBERTY INSURANCE CORPORATION; LIBERTY MUTUAL INSURANCE CORPORATION; DOES 1–10 | 2. BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING |
| Defendants. | 3. DECLARATORY RELIEF |
| | DEMAND FOR JURY TRIAL |
| | (UNLIMITED CIVIL) |

Plaintiff Glasswerks LA, Inc. ("GWLA" or "plaintiff") alleges as follows:

### PARTIES

1. Defendants Liberty Mutual Insurance Corporation and Liberty Insurance Corporation Company, Inc. ("Liberty Mutual") purport to be insurance companies doing business in California. Liberty Mutual breached its duty to defend, settle and indemnify claims alleged against its insured, plaintiff Glasswerks LA, Inc. ("GWLA" or "plaintiff"), leaving plaintiff to fend for itself, incur legal fees and costs, and settle the claims.

2. Plaintiff brings this action against Liberty Mutual for breach of their contractual duties to defend a covered claim and breach of the duty of good faith and fair dealing in abandoning plaintiff at a time when it needed the insurance most, when its reputation was on

COMPLAINT OF GLASSWERKS LA, INC.

1

the line and when there was potential for coverage under the insurance policy.

3.  GWLA is a corporation authorized to do business in California and a premium fabricator of architectural, tempered, commercial, laminated, and decorative glass, and other custom glass products.

4.  Plaintiff is unaware of the identity, nature, and capacity of each of defendant designated as a Doe.  Plaintiff is informed and believes and thus alleges that each of the defendants designated as a Doe is in some manner responsible for the damages and injuries as are alleged in this Complaint.  Upon learning the identity, nature and capacity of the Doe defendants, Plaintiff will amend this Complaint to allege their true names and capacities.

5.  Plaintiff is informed and believe that at all material times defendants, and each of them, were the agents, servants, and employees of the other defendants, and each of them.

## FACTUAL BACKGROUND

*The Policy*

6.  Liberty Mutual issued to GWLA a written policy of commercial general liability insurance number TB7-Z91-464529 effective 08/24/15 to 08/24/19 (the "Policy").

7.  In the Policy, Liberty Mutual promises to defend and indemnify GWLA for, among other things, any claims for property damage. The policy also has the following exclusion:

> "k.    Damage To Your Product
>
>    "Property damage" to "your product" arising out of it or any part of it."

*The Giroux Claim Against GWLA*

8.  Sweig General Construction, Inc. ("Sweig") was the general contractor for the construction of a residence on La Jolla Shores Lane in La Jolla (the "Project").  The Project was a $20 million home, designed to use about 180 panels of large, heavy, specialized

COMPLAINT OF GLASSWERKS LA, INC.

2

reflective glass, almost all of which were for exterior glass. Sweig subcontracted the glass package to Giroux Glass, Inc. ("Giroux"), who purchased these panels from GWLA. GWLA purchased the required stock sheets from AGC, then processed the sheets before delivering the panels to Giroux, who installed the glass.

9.  About six months after some of the panels were installed, some of the panels developed pinkish-purple splotches caused by a defect, called polarization, in the stock sheets of glass that AGC supplied.

10. The defective panels were removed and replaced, which was expensive due to the complexities associated with permanently setting, then encapsulating each panel. Some contiguous panels also had to be replaced to make everything fit correctly. Some of the replacement panels were defective and had to be removed and replaced a second time, due to defective blanks from AGC. Ultimately, GWLA bought new panel blanks from a different vendor and fabricated those blanks.

11. Giroux made a claim on GWLA for over $1,300,000, based on the costs of removing the encapsulating finishes, tearing out the plaster, and, after the new panels have been replaced, redoing the work necessary to secure the panels and restore the architectural finishes (the "*Giroux Claim*".)

*Liberty Mutual Refuses to Honor the Policy and Defend Plaintiff*

12. GWLA tendered the *Giroux Claim* to Liberty Mutual timely and asked Liberty Mutual to acknowledge that it would defend and indemnify GWLA on the *Giroux Claim*. On October 10, 2019 Liberty Mutual notified GWLA in writing that it would not defend the *Giroux Claim* because Liberty Mutual believed the claim was not covered.

13. On April 14, 2020, plaintiff wrote to Liberty Mutual, explaining that the coverage

denial was wrong and that Liberty Mutual must cover GWLA on the *Giroux Claim* because the allegations create a potential for coverage sufficient to trigger the duty to defend. GWLA asked Liberty Mutual to reconsider the denial.

14. Liberty Mutual agreed to reexamine its position and reconsider the coverage denial and on May 27, 2020 Liberty Mutual took the position in writing that the *Giroux Claim* was not covered because exclusion k. precluded coverage. Once again, Liberty Mutual abandoned plaintiff in its time of need.

15. GWLA had to use its own resources to respond to the *Giroux Claim*. GWLA had to pay attorneys' fees and costs and ultimately, GWLA settled with Giroux for over $1,300,000.

16. Plaintiff has also been forced to engage coverage counsel to pursue coverage from defendants and those fees and costs continue to accrue as a legal result of defendants' unreasonable refusal to defend the *Giroux Claim*.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

(As against Liberty Mutual and Does 1 through 10)

17. Plaintiff refers to all preceding paragraphs and incorporates them as if set forth in full in this cause of action.

18. Plaintiff GWLA is a covered insured under the Policy.

19. Plaintiff has performed all its obligations under the Policy, except for those obligations which, because of the breach by the defendants, or any of them, of their obligations, plaintiff has been excused or prevented from performing.

20. Liberty Mutual owed duties and obligations to plaintiff under the Policy, including but not limited to the duties to defend plaintiff and to indemnify it against claims

for wrongful conduct made against them.

21. Liberty Mutual breached these duties by failing to defend plaintiff and indemnify it against claims made in the *Giroux Claim*.

22. Defendants have a duty to affirm or deny coverage within a reasonable time after receipt of the claim. As a further legal result of defendants' failure and refusal to take any coverage positions in a timely manner, defendants, and each of them are estopped to assert any grounds for denying coverage to plaintiff.

23. As a legal result of defendants' breaches plaintiff has been damaged because it was required to retain counsel and defend itself against the claims asserted in the *Giroux Claim*, all in an amount to be proved at time of trial, but not less than $1,300,000.

24. Plaintiff is informed and believes and thereon alleges that defendants' denial of benefits was vexatious and without reasonable cause, as alleged in this Complaint. Thus, plaintiff is entitled to reasonable attorneys' fees and costs incurred in prosecuting this action in an amount to be proved at time of trial.

## SECOND CAUSE OF ACTION

### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

(As against Liberty Mutual and Does 1 through 10, inclusive)

25. Plaintiff refers to all preceding paragraphs and incorporate them as if set forth in full in this cause of action.

26. Plaintiff' liability was insured by the Policy, which was valid at the time of the *Giroux Claim*. The Policy covered or should have covered those claims. Coverage existed.

27. In the Policy, as in every insurance contract, there exists an implied duty of good faith and fair dealing that the insurance company will not do anything to injure the right of the

insured to receive the benefit of the Policy. Liberty Mutual breached its duty of good faith and fair dealing owed to plaintiff by engaging in the following unreasonable conduct:

a) refusing, without proper cause, to defend and/or indemnify plaintiff, despite receiving a demand to do so and despite the fact that such defense and/or indemnification was a benefit to be provided under the Policy;

b) refusing, without proper cause, to defend and/or indemnify plaintiff even though potential for coverage existed under the Policy;

c) failing to attempt in good faith to effectuate a prompt, fair and equitable resolution of the claims against Plaintiff;

d) failing to perform a full; fair and thorough investigation of Plaintiff's claim;

e) failing to consider Plaintiff's interests at least as much as its own in handling Plaintiff' claim; and

f) failing to diligently search for evidence to support Plaintiff's claim and instead retaining coverage counsel to create ways to deny the claim.

28. Plaintiff is informed and believe and, on that basis, allege that Liberty Mutual breached its duties of good faith and fair dealing by other acts or omissions of which plaintiff is presently unaware but which it will show according to proof at trial

29. The refusal of the Defendants Liberty Mutual and Does 1 – 10, including their agents, and each of them, to carry out their obligations under the Policy to investigate, defend, indemnify and to promptly communicate their coverage position to their insureds were all done with a conscious disregard of the rights of the Plaintiff to receive the benefits due them under the Policy. These acts were done with the knowledge and approval and ratification of the Defendants and each of them. These acts continued even after the Plaintiff protested to

the Defendants and Plaintiff was powerless to obtain from the defendants' compliance with their obligations.  Plaintiff is thus entitled to recover punitive damages in an amount sufficient to punish and make an example of Defendants.

30. Liberty Mutual's conduct was undertaken by its managers or managing agents, who were responsible for claims supervision, operations, communications, and decisions. This conduct was undertaken on Liberty Mutual's behalf. Liberty Mutual had advance knowledge of the, actions and conduct of said individuals whose actions and conduct it ratified, authorized, and approved.

31. As a direct and proximate result of Liberty Mutual breaches, plaintiff has suffered and will continue to suffer damages. These damages include the costs Plaintiff incurred to resolve the lawsuit against it as well as other general and special damages, of a total amount to be shown at trial, and in any event not less than $1,300,000.

32. As a further proximate result of Liberty Mutual's unreasonable conduct, plaintiff was compelled to retain legal counsel to recover the money spent but that Liberty Mutual should have paid under the Policy. Liberty Mutual therefore is liable to Plaintiff for those attorney fees, witness fees and costs of litigation reasonably incurred to obtain the Policy' benefits.

33. Liberty Mutual intended its conduct to cause injury to Plaintiff. Alternatively, Liberty Mutual engaged in despicable conduct carried out with a willful and conscious disregard of plaintiff's rights or subjected plaintiff to cruel and unjust hardship in conscious disregard of their rights. Alternatively, Liberty Mutual conduct constituted an intentional misrepresentation, deceit or concealment of material facts known to Liberty Mutual with the intention of depriving Plaintiff of property, legal rights or causing other injury. Liberty Mutual's conduct therefore constitutes malice, oppression, or fraud under California Civil

Code section 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Liberty Mutual and deter future similar conduct.

### THIRD CAUSE OF ACTION

### DECLARATORY RELIEF

(As against Defendant Liberty Mutual and Does 1 through 10, inclusive)

34. Plaintiff refers to all preceding paragraphs and incorporate them as if set forth in full in this cause of action.

35. An actual controversy has arisen and now exists between Plaintiff on the one hand and Defendants on the other relating to Plaintiff's right to defense and indemnity in connection with the *Giroux Claim*. Plaintiff desires a declaration of rights and a declaratory judgment is necessary in that Plaintiff contends it is entitled to a defense and indemnity of the *Giroux Claim* by Liberty Mutual, which Defendants deny. Instead, Defendants have failed to accept or deny coverage of the *Giroux Claim* within a reasonable time after Plaintiff tendered the defense and indemnity to defendants and have failed and refused to defend or indemnify Plaintiff from the claims asserted in the *Giroux Claim*. Thus, Plaintiff ask the Court to declare the respective rights and duties of the parties with respect to the defense and indemnification of Plaintiff for the *Giroux Claim*. Plaintiff asks that the Court declare the respective rights and duties of Plaintiff and Defendants.

### **PRAYER**

WHEREFORE, plaintiff pray for judgment against each defendant as follows:

1. Contractual, consequential, and incidental damages for each defendant's breaches of its contractual duty to pay covered claims, in an amount to be determined at trial, including, but not limited to, attorneys' fees and costs of defense incurred by plaintiff in their defense of

COMPLAINT OF GLASSWERKS LA, INC.

**8**

the claims in the *Giroux Claim*, attorneys' fees and costs incurred in pursuing and obtaining

contractual benefits, including but not limited to the costs of bringing this action, of not less

than $1,300,000;

2. General and special damages, including prejudgment interest, for Liberty Mutual's

breach of the duty of good faith and fair dealing, in an amount to be determined at trial;

3. For prejudgment interest in an amount to be proved at time of trial;

4. For punitive damages for Liberty Mutual's breach of the duty of good faith and fair

dealing committed with fraud, malice or oppression, in an amount to be determined at trial;

5. Attorney fees incurred, pursuant to *Brandt v. Superior Court* (1985) 37 Cal.3d 813,

in recovering amounts that should have been paid by Liberty Mutual under the Policy;

6. On the Third Cause of Action, that the Court declare the respective rights and duties of

Plaintiff and Defendants;

7. For costs of suit incurred herein, prejudgment interest and attorney's fees, as allowed

by law; and,

8. For such other and further relief as the court may deem just and proper.


DATED: September 24, 2020          REES LAW FIRM P.C.

                                   By: _____
                                   Robert A. Rees
                                   Attorney for Plaintiff
                                   Glasswerks L A, Inc.

## JURY DEMAND

Plaintiff Glasswerks LA, Inc. demand a jury trial on all issues which may be tried by a jury.

DATED: September 24, 2020

REES LAW FIRM P.C.

By: _____
Robert A. Rees
Attorney for Plaintiff
Glasswerks LA, Inc.