**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Glasswerks LA, Inc., <br><br>　　　　Plaintiff, <br><br>　　　v. <br><br>Liberty Insurance Corporation et al., <br><br>　　　　Defendants. | Case No. CV 20-10428-VAP-PDx <br><br>**Order GRANTING Motions to Dismiss (Dkts. 16, 17)** |

　　　Before the Court are two Motions to Dismiss — one filed by Defendant Liberty Insurance Corporation and the other filed by Defendant Liberty Mutual Insurance Company (collectively, "Defendants" or "Liberty"). (Dkts. 16, 17).  Plaintiff Glasswerks LA, Inc. ("Plaintiff" or "Glasswerks") filed a single Opposition to the Motions on February 1, 2021.  (Dkt. 18).

　　　After considering all the papers filed in support of, and in opposition to, the Motions, the Court deems these matters appropriate for resolution without a hearing pursuant to Local Rule 7-15.  The Court GRANTS the Motions.

1

# I. BACKGROUND

This is an insurance coverage dispute. Plaintiff claims Defendants failed to defend Plaintiff against third-party claims asserted against Plaintiff. (Dkt. 13).

Plaintiff is a premium fabricator of various glass products. (Dkt. 13). Plaintiff entered into a subcontractor agreement with Giroux Glass, Inc. ("Giroux"), where Giroux purchased about 180 panels of large, heavy, specialized reflective glass from Plaintiff. (*Id.*) Some of the panels developed a polarization defect which required multiple replacements. (*Id.*) As a result, Giroux along with its general contractor, Sweig General Construction, Inc. ("Sweig"), "made claims on [Plaintiff] for damages they allegedly sustained because of the defective glass." (*Id.*) Plaintiff tendered the claims to Defendants and asked Defendants to acknowledge they would defend Plaintiff against them. (*Id.*) After investigating the claims, Liberty denied coverage. (*Id.*, ¶¶ 18-23).

On September 24, 2020, Plaintiff filed this lawsuit against Defendants in the California Superior Court for the County of Los Angeles alleging three claims for Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, and Declaratory Relief. (Dkt. 1-1). On November 13, 2020, Defendants removed the case to this Court on the basis of diversity jurisdiction. (Dkt. 1). Defendants moved to dismiss the Complaint on December 7, 2020, and Plaintiff filed a First Amended Complaint ("FAC") as a matter of right shortly thereafter. (Dkts. 11-13).

On January 7, 2021, Defendants moved to dismiss the FAC.  (Dkts. 16, 17).  Defendants both argue that Plaintiff's claims are not covered under the parties' insurance policy (the "Policy").  (*Id.*)  Defendant Liberty Mutual Insurance Company also claims that it is an improper party to the action.  (Dkt. 17).

## II.  LEGAL STANDARD

### A.  Motion to Dismiss Under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a party to bring a motion to dismiss for failure to state a claim upon which relief can be granted.  Rule 12(b)(6) is read along with Rule 8(a), which requires a short, plain statement upon which a pleading shows entitlement to relief.  Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (holding that the Federal Rules require a plaintiff to provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests" (quoting Fed. R. Civ. P. 8(a)(2)).); *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 555 (2007).  When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint—as well as any reasonable inferences to be drawn from them—as true and construe them in the light most favorable to the non-moving party.  *See Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005); *ARC Ecology v. U.S. Dep't of Air Force*, 411 F.3d 1092, 1096 (9th Cir. 2005); *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).  "The court need not accept as true, however, allegations that contradict facts that may be judicially noticed by the court."  *Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

3

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." (*Id.*) To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

The Ninth Circuit has clarified that: (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Although the scope of review is limited to the contents of the complaint, the Court may also consider exhibits submitted with the complaint, *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542,

1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings," *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).

### III.   DISCUSSION

This Court is sitting in diversity jurisdiction and therefore applies California substantive law.  *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938).

### A.   Breach of Contract Claim

Defendants argue that Plaintiff's breach of contract claim fails as a threshold matter because Plaintiff fails to allege a "suit" under the terms of the Policy sufficient to trigger coverage.  (Dkts. 16 ,17).  The Court agrees.

The interpretation of an insurance policy is usually a question of law. *Waller v. Truck Ins. Exch. Inc.*, 11 Cal. 4th 1, 18 (1995); *see GGIS Ins. Services, Inc. v. Sup. Ct.*, 168 Cal. App. 4th 1493, 1507 (2008) ("The interpretation of a contract, including the resolution of any ambiguity, is solely a judicial function, unless the interpretation turns on the credibility of extrinsic evidence.").  An insurance policy is a contract, so the normal rules of contract interpretation apply. *See Safeco Ins. of America v. Robert S.*, 26 Cal. 4th 758, 762-63 (2001).

Pursuant to the express terms of the Policy issued to Plaintiff, Defendants owe a duty to defend Plaintiff against "suits," not claims.  The Policy defines a "suit" as a "civil proceeding in which damages because of

'bodily injury', 'property damage' or 'personal and advertising injury' to which this insurance applies are alleged." (Dkt. 10-2, Ex. A, p. 34).

Plaintiff concedes that it does not allege that a "suit" occurred that would trigger coverage under the Policy.  Rather, Plaintiff argues that it should be excused from this requirement because Defendants denied coverage due to a lack of property damage.  (Dkt. 18).  None of the cases Plaintiff relies on supports this theory.  Rather, the case law is clear that "the insurer's obligation to defend and investigate is not triggered until Plaintiff tenders the defense of a third party lawsuit to the insurer."  *See e.g.*, *Icasiano v. Allstate Ins. Co.*, 103 F. Supp. 2d 1187, 1191 (N.D. Cal. June 23, 2000) *citing Foster–Gardner, Inc. v. National Union Fire Ins. Co. of Pittsburgh, PA*, 18 Cal. 4th 857, 879, (1998); *see Great Am. E & S Ins. Co. v. Kouw Pinnq Enter. Co.*, No. EDCV 13-00715-VAP (DTBx), 2013 WL 5461911, at *4 (C.D. Cal. Sept. 20, 2013); *see also Hurricane Elec., LLC v. Nat'l Fire Ins. Co. of Hartford*, No. 20-CV-05840-CRB, 2020 WL 6743926, at *6 (N.D. Cal. Nov. 17, 2020).

Plaintiff admits that the filing of a lawsuit is a condition precedent to Liberty's duty to defend.  Absent some excuse, failure to establish this condition precedent is fatal to Plaintiff's breach of contract claim.  The Court therefore finds that, as a matter of law, Defendants did not have the duty to defend Plaintiff against the third-party claims that are the basis of this case.

The Court thus DISMISSES Plaintiff's Breach of Contract Claim.

### B. Bad Faith Claim

Defendants next argue Plaintiff's bad faith claim fails because Defendants did not breach the Policy or act unreasonably in their decision to deny coverage. The Court agrees.

"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal.*, Inc., 2 Cal. 4th 342, 371-72 (1992). Plaintiff's second claim alleges Defendants breach this duty by, *inter alia*, failing to perform a full, fair, and thorough investigation of Plaintiff's claim. (Dkt. 13, ¶ 48).

"The primary test" for a breach of an insurer's duty of good faith and fair dealing "is whether the insurer withheld payment of an insured's claim unreasonably and in bad faith. Where benefits are withheld for proper cause, there is no breach of the implied covenant." *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1151 (1990). "It is clear that if there is no potential for coverage . . ., there can be no action for breach of the implied covenant of good faith and fair dealing because the covenant is based on the contractual relationship between the insured and the insurer." *Waller*, 11 Cal. 4th at 36 (*citing Love*, 221 Cal. App. 3d at 1151-53). The Court, having determined Defendants did not have a duty to defend Plaintiff against the third-party claims under the Policy, necessarily must find there is no breach of the covenant of good faith and fair dealing.[1]

---

[1] Plaintiff also seeks punitive damages for Defendants' alleged breach of the duty of good faith. "[B]ad faith by an insurer is subject to tort remedies, including punitive damages." *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1161 (9th

Accordingly, the Court GRANTS Defendants' Motions to Dismiss Plaintiff's Bad Faith Claim.

### C. Declaratory Relief Claim

Lastly, Plaintiff requests a declaration that it was entitled to defense and indemnity in connection with the third-party claims. (Dkt. 13, ¶ 63). Plaintiff's declaratory relief claim must nevertheless be dismissed because Plaintiff's other claims have been dismissed.

A "claim for declaratory relief is not a stand-alone claim, but rather depends upon whether or not Plaintiff states some other substantive basis for liability." *Nguyen v. JP Morgan Chase Bank*, No. SACV 11-1908 DOC (ANx), 2012 WL 294936, at *4 (C.D. Cal. Feb. 1, 2012); *see Hernandez v. Select Portfolio, Inc.*, No. CV 15-01896 MMM (AJWx), 2015 WL 3914741, at *14 (C.D. Cal. June 25, 2015) (granting motion to dismiss declaratory relief claim "[b]ecause [Plaintiff] has failed to state any substantive claims"); *Javaheri v. JPMorgan Chase Bank, N.A.*, No. 2:10-CV-08185-ODW (FFMx), 2012 WL 6140962, at *8 (C.D. Cal. Dec. 11, 2012) ("Declaratory and injunctive relief do not lie where all other claims have been dismissed."). Because the Court dismisses Plaintiff's breach of contract and bad faith claims, the declaratory relief claim, which is based on the same factual and legal theories, must also be dismissed.

---

Cir. 2002). The Court has nevertheless concluded that Defendants did not act in bad faith; Plaintiff's claim for punitive damages must thus fail.

Accordingly, the Court GRANTS Defendants' Motions to Dismiss the Declaratory Relief Claim.

### D. Improper Party

Defendant Liberty Mutual Insurance Company also argues in its own Motion that it is not a proper party to the action because it is not a party to Plaintiff's Policy. (Dkt. 17). Plaintiff fails to address this argument at all in its Opposition papers.

In the insurance context, a defendant generally does not have a duty to the plaintiff unless the defendant was a party to the contract. *See Monaco v. Liberty Life Assur. Co*, No. C06-07021 MJJ, 2007 WL 420139, at *4 (N.D. Cal. Feb. 6, 2007). Here, Plaintiff does not dispute that Defendant Liberty Mutual Insurance Company was not a party to the Policy. Plaintiff also fails to explain whether any exceptions to the general rule apply. The Court therefore GRANTS Defendant Liberty Mutual Insurance Company's Motion and DISMISSES it from this case.

### E. Leave to Amend

Defendants request that Plaintiff's Complaint be dismissed with prejudice because any leave to amend would be futile. Plaintiff fails to address whether it should be granted leave to file a third amended complaint.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The Ninth Circuit has held

that "'[t]his policy is to be applied with extreme liberality.'" *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*quoting Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Ninth Circuit strongly favors allowing amendment and considers denying a motion for leave to amend only on a showing of bad faith, undue delay, prejudice to the opposing party, or futility of the amendment. *Royal Ins. Co. of America v. Southwest Marine*, 194 F.3d 1009, 1016 (9th Cir.1999).

Here, amending the claims to argue that a "suit" occurred under the terms of the Policy would be futile. Moreover, Plaintiff has failed to propose any theory under which Defendant Liberty Mutual Insurance Company may be held liable. Accordingly, Defendants' Motions to Dismiss are GRANTED and the Complaint is DISMISSED with prejudice.

### IV. CONCLUSION

The Court therefore GRANTS Defendants' Motions to Dismiss WITHOUT LEAVE TO AMEND.

**IT IS SO ORDERED.**

Dated: 3/10/21

Virginia A. Phillips
United States District Judge